**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS**

In Re:  Raymond Valdez and Andrea Valdez
       Debtor

Case No.: 06−30097

**INITIAL ORDER FOR CASE MANAGEMENT OF CHAPTER 13 CASE**

**The following are orders of the Court:**

1. **Payment of the Filing Fee.**

   a. The debtor(s) shall pay the filing fee with the petition or promptly on the due date provided in an order allowing installment payments.

   b. If the filing fee or any installment is not timely paid, the Clerk shall issue a notice of pending dismissal of the case for failure to pay filing fees. The notice of pending dismissal shall be served on the debtor(s), debtor(s)' counsel and the chapter 13 Trustee.

   c. If the debtor(s) do not pay the filing fee or request a hearing within 10 days after the notice is served, the case may be dismissed without further notice.

2. **Filing the List of Creditors, Plan, Schedules and Statements.**

   a. The list of creditors (with addresses) must be filed with the petition in the format prescribed by the Clerk unless a motion for extension of time under Federal Rule of Bankruptcy Procedure (FRBP) 1007(a)(4) is filed with the petition.

   b. A motion for extension of time to file the list of creditors, plan, schedules or statements need be served only on the chapter 13 Trustee and on the U.S. Trustee. Because the FRBP require a creditor's meeting within 50 days, except for truly exceptional circumstances, the Court will not grant an extension beyond 25 days for filing the plan, schedules or statements.

   c. If the U.S. Trustee files a motion to dismiss under Bankruptcy Code §1307(c)(9) or (10), or if the chapter 13 Trustee files a motion to dismiss for delay prejudicial to creditors and the basis of that motion is that the debtor(s) failed to file the papers required by Bankruptcy Code §521 or failed to file a plan in accordance with FRBP 3015, the motion need not be served on any party except the debtor(s) and, if the debtor(s) are represented by counsel, on debtor(s)' counsel.

   d. If either the U.S. Trustee or the chapter 13 Trustee files a motion to dismiss under subparagraph (c) above, the motion need not include BLR 9013 language but shall include the following notice:

   *A hearing will be conducted on this matter on [insert date of next chapter 13 panel following expiration of 15 days] at _____ a.m. If the debtor(s) object to the requested relief, the debtor(s) and counsel must attend the hearing. If no party objects to the requested relief within (ten) 10 days after the date that the motion was served, the United States Trustee or the chapter 13 Trustee may file a certificate of non−compliance and the Court may dismiss this case without actually conducting a hearing. (Bankruptcy Code §102(1)(B).)*

3. **Confirmation Hearings.**

   a. Confirmation hearings will be continued beyond the initial setting only for good cause shown. A motion for continuance shall be filed setting forth the basis of the cause for the requested continuance. The chapter 13 Trustee is not authorized to grant a continuance of the confirmation hearing. Only the Court may grant a continuance of the confirmation hearing.

   b. Absent exceptional circumstances, the hearing on confirmation of the debtor(s) plan will not be continued to a date that is after 180 days after the commencement of the chapter 13 case.

   c. At least 5 days before confirmation, the chapter 13 Trustee shall submit a recommendation (which may be in summary chart form for all cases set for confirmation on a particular date) as to whether plans should be confirmed. The Court will not be bound by the chapter 13 Trustee's recommendation for or against confirmation. If the chapter 13 Trustee has recommended in favor of confirmation and if there are no objections to be considered at confirmation, the debtor(s) and debtor(s)' counsel need not attend. If the Court determines that a hearing is required on a plan for which confirmation is recommended by the trustee and on which no other objections were filed, the hearing will be rescheduled with notice to the debtor(s) and debtor(s)' counsel. If the chapter 13 Trustee has not recommended confirmation, the debtor(s) and debtor(s)' counsel must attend the hearing and meet the debtor(s)' statutory confirmation burden, except that attendance in the circumstances set forth in §7, §8, §9(b) and §9(c) below shall be according to those sections.

4. **Parties Required to Attend Hearings. This section applies to hearings that are set on the chapter 13 trustee's scheduled panel.**

   a. If a matter has been resolved concerning a motion or an objection, the parties may designate counsel for one of the settling parties to announce the settlement. Other counsel may, but are not required, to attend. If no person announces the settlement, the motion or objection may be denied for want of prosecution.

   b. If the Court declines to accept the announced agreement, the matter may be continued until the next chapter 13 panel date or the Court may make another disposition. All parties to the objection (i.e., the objecting party, the debtor(s) and the chapter 13 Trustee) must attend the continued hearing.

5. **Tax Transcripts.** The Internal Revenue Service must send a tax transcript to the chapter 13 trustee, the debtors and the debtor's counsel, with delivery to occur not later than 7 days prior to the initial date set for the §341 meeting of creditors.

6. **Service of this Order.** A copy of this Order shall promptly be served by the Clerk on parties in interest, including the debtor(s) and debtor(s)' counsel and the United States Internal Revenue Service. The Internal Revenue Service shall be served at the addresses provided by them from time–to–time to the Clerk.

**THIS ORDER IS EFFECTIVE, IN EACH CASE, ON THE DATE THE ORDER IS ENTERED IN THAT CASE.**

ISSUED AND ENTERED ON 1/6/06

KAREN K BROWN
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS

In Re: Raymond Valdez and Andrea Valdez
        Debtor

Case No.: 06–30097

Chapter: 13

## INITIAL ORDER OUTLINING DEBTORS' INITIAL RESPONSIBILITIES

The debtor(s) are ordered to:

1. Make all payments due to the chapter 13 trustee. The first payment is due not later than 30 days after filing the proposed plan.

2. File a proposed plan within 15 days, unless the plan was filed with the petition.

3. File all schedules and the statement of financial affairs within 15 days, unless these documents were filed with the petition.

4. Attend the § 341 meeting of creditors as scheduled by the chapter 13 trustee.

5. Attend the debtor education seminar, within 45 days.

6. Immediately file all delinquent tax returns.

7. Comply with all Court orders.

Failure to comply with this orders is likely to result in a dismissal of this bankruptcy case. It may also result in a prohibition against the filing of additional bankruptcy cases or a finding that the debtor(s) are in contempt of court.

Issued and Entered on 1/6/06

KAREN K BROWN
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**

In Re: Raymond Valdez and Andrea Valdez
       Debtor

Case No.: 06–30097

Chapter: 13

## ORDER AUTHORIZING USE OF VEHICLES PURSUANT TO §363 AND PROVIDING ADEQUATE PROTECTION TO LIEN HOLDERS

ORDERED:

1. The debtor(s) are authorized to use their vehicle(s) pursuant to §363 of the Bankruptcy Code, conditioned on the following:

    a. The debtors must maintain insurance on the vehicle(s) in the amounts and with the coverages pertaining to the vehicle itself required by the contract with any holder of a pre–petition lien on the vehicle(s).

    b. Proof of insurance must be provided within 5 days of receipt of written request by the holder of a vehicle lien.

    c. The debtors must timely make all required payments to the chapter 13 trustee.

    d. Not later than the initial date set for the §341 meeting of creditors, enter into a wage order or an Electronic Funds Transfer (EFT) Order in the form approved by the Court.

2. As additional adequate protection for the interest of the lien holder(s), the lien holder(s) are granted a claim pursuant to §503(b)(1). This lien is intended to be of the type described in §507(b) of the Bankruptcy code. The amount of the claim is equal to 1.5% of the value of the vehicle as of the petition date. The adequate protection payments ahll be calculated by the chapter 13 trustee based on the average of the NADA retail and wholesale values, unless the Court orders otherwise.

3. The debtor or any other party in interest may object to this order within 10 days of its entry. If a timely objection is filed, an evidentiary hearing will be conducted at the next chapter 13 panel. The objecting party is ordered to provide notice of the hearing date, attend the hearing and present evidence in support of the objection.

Issued and Entered on 1/6/06

KAREN K BROWN
United States Bankruptcy Judge

# CERTIFICATE OF SERVICE

```
District/off: 0541-4          User: lsmi              Page 1 of 1              Date Rcvd: Jan 06, 2006
Case: 06-30097                Form ID: io13cm         Total Served: 4

The following entities were served by first class mail on Jan 08, 2006.
db      +Andrea Valdez,     1101 E Trinity St,    Victoria, TX 77901-5440
db      +Raymond Valdez,    1101 E Trinity St,    Victoria, TX 77901-5440
aty     +Sonya Lynn Kapp,   Boren Swindell et al,    2900 Weslayan,    Ste 595,    Houston, TX 77027-5150
tr      +William E. Heitkamp,    Office of Chapter 13 Trustee,    9821 Katy Freeway,    Ste 590,
          Houston, TX 77024-1294

The following entities were served by electronic transmission.
NONE.                                                                                            TOTAL: 0

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                            TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Jan 08, 2006**                    **Signature:**    *Joseph Speetjens*