(Official Form 1) (10/05)

| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF TEXAS<br>HOUSTON DIVISION | **Voluntary Petition**<br>Case #: 06-30097 |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Valdez, Raymond** | Name of Joint Debtor (Spouse)  (Last, First, Middle):<br>**Valdez, Andrea** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec./Complete EIN or other Tax I.D. No. (if more than one, state all):<br>**xxx-xx-7670** | Last four digits of Soc. Sec./Complete EIN or other Tax I.D. No. (if more than one, state all):<br>**xxx-xx-4115** |
| Street Address of Debtor (No. & Street, City, and State):<br>**1101 E. Trinity**<br>**Victoria, TX**                    ZIPCODE **77901** | Street Address of Joint Debtor (No. & Street, City, and State):<br>**1101 E. Trinity**<br>**Victoria, TX**                    ZIPCODE **77901** |
| County of Residence or of the Principal Place of Business:<br>**Victoria** | County of Residence or of the Principal Place of Business:<br>**Victoria** |
| Mailing Address of Debtor (if different from street address):<br>**1101 E. Trinity**<br>**Victoria, TX**                    ZIPCODE **77901** | Mailing Address of Joint Debtor (if different from street address):<br>**1101 E. Trinity**<br>**Victoria, TX**                    ZIPCODE **77901** |
| Location of Principal Assets of Business Debtor (if different from street address above):                    ZIPCODE | |

**Type of Debtor** (Form of Organization) (Check one box.)
- [x] Individual (includes Joint Debtors)
- [ ] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and provide the information requested below.)

State type of entity:

**Nature of Business** (Check all applicable boxes.)
- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [ ] Nonprofit Organization qualified under 15 U.S.C. § 501(c)(3)

**Chapter of Bankruptcy Code Under Which the Petition Is Filed** (Check one box)
- [ ] Chapter 7
- [ ] Chapter 9
- [ ] Chapter 11
- [ ] Chapter 12
- [x] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box)
- [x] Consumer/Non-Business
- [ ] Business

**Chapter 11 Debtors**
Check one box:
- [ ] Debtor is a small business debtor as defined by 11 U.S.C. § 101(51D).
- [ ] Debtor is not a small business debtor as defined by 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts owed to non-insiders or affiliates are less than $2 million.

**Filing Fee** (Check one box)
- [x] Full Filing Fee attached
- [ ] Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Statistical/Administrative Information**                    THIS SPACE IS FOR COURT USE ONLY
- [x] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

Estimated Debts

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] |

(Official Form 1) (10/05)                                                                                                       FORM B1, Page 2

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):  **Raymond Valdez**<br>**Andrea Valdez** |
|---|---|

| **Prior Bankruptcy Case Filed Within Last 8 Years**   (If more than two, attach additional sheet) | | |
|---|---|---|
| Location Where Filed:<br>**None** | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor**   (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor: | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A**<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐  Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.<br>I further certify that I delivered to the debtor the notice required by § 342(b) of the Bankruptcy Code.<br><br>**X**  /s/ Sonya Kapp                                                         01/10/2006<br>    **Sonya Kapp**                                                                  Date |
|---|---|
| **Exhibit C**<br>Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br><br>☐  Yes, and Exhibit C is attached and made a part of this petition.<br>☑  No | **Certification Concerning Debt Counseling by Individual/Joint Debtor(s)**<br><br>☑  I/we have received approved budget and credit counseling during the 180-day period preceding the filing of this petition.<br>☐  I/we request a waiver of the requirement to obtain budget and credit counseling prior to filing based on exigent circumstances.  (Must attach certifcation describing.) |

| **Information Regarding the Debtor (Check the Applicable Boxes)** |
|---|
| **Venue**   (Check any applicable box) |
| ☑  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District. |
| ☐  There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District. |
| ☐  Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding (in a federal or state court) in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Statement by a Debtor Who Resides as a Tenant of Residential Property** |
|---|
| *Check all applicable boxes.* |
| ☐  Landlord has a judgment against the debtor for possession of debtor's residence.  (If box checked, complete the following.)<br>        Name of landlord that obtained judgment:<br>        Address of landlord: |
| ☐  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and |
| ☐  Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition. |

*Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas (210) 561-5300, Copyright 1996-2005 (Build 7.5.2.1, ID 0113095760)*

(Official Form 1) (10/05)                                                                                                    FORM B1, Page 3

# Voluntary Petition
*(This page must be completed and filed in every case)*

| | Name of Debtor(s):  **Raymond Valdez** |
| | **Andrea Valdez** |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by § 342(b) of the Bankruptcy Code.

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  **/s/ Raymond Valdez**
    **Raymond Valdez**

X  **/s/ Andrea Valdez**
    **Andrea Valdez**

Telephone Number (If not represented by an attorney)

**01/10/2006**
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by § 1515 of title 11 are attached.

☐ Pursuant to § 1511 of title 11, United States Code, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____

(Signature of Foreign Representative)

_____

(Printed Name of Foreign Representative)

_____

(Date)

### Signature of Attorney

X  **/s/ Sonya Kapp**

    **Sonya Kapp**        Bar No. **11095395**

**Boren, Swindell & Associates, L.L.P.**
**2900 Weslayan, #595**
**Houston, TX  77027**

Phone No.**(713) 622-8858**    Fax No.**(713) 622-3701**

01/10/2006
Date

### Signature of Non-Attorney Petition Preparer

I declare under penalty of perjury that: 1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; 2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, 3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110 setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____

Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

Address
_____

X _____

_____
Date

Signature of Bankruptcy Petiton Preparer or officer, principal, responsible person, or partner whose social security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both (11 U.S.C. § 110; 18 U.S.C. § 156).

Form B6A
(10/05)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

IN RE:   **Raymond Valdez**
         **Andrea Valdez**

CASE NO   **06-30097**

CHAPTER   **13**

## SCHEDULE A - REAL PROPERTY

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint Or Community | Current Value of Debtor's Interest in Property, Without Deducting Any Secured Claim or Exemption | Amount Of Secured Claim |
|---|---|---|---|---|
| NORTH HEIGHTS LOT 5 BLOCK 118 | Fee Simple | C | $48,900.00 | $55,297.00 |
| | | **Total:** | **$48,900.00** | |

(Report also on Summary of Schedules)

Form B6B
(10/05)

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

IN RE:   **Raymond Valdez
Andrea Valdez**

CASE NO   **06-30097**

CHAPTER   **13**

## SCHEDULE B - PERSONAL PROPERTY

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other finan-cial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and home-stead associations, or credit unions, brokerage houses, or cooperatives. | | Wells Fargo Checking *2315 | C | $25.00 |
| | | Cal-Com Federal Credit Union * 3550 | C | $47.61 |
| 3. Security deposits with public util-ities, telephone companies, land-lords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video and computer equipment. | | Stove | C | $100.00 |
| | | Microwave | C | $10.00 |
| | | Refrigerator | C | $150.00 |
| | | Washing Machine | C | $25.00 |
| | | Dryer | C | $50.00 |
| | | Living Room Furn | C | $100.00 |
| | | Silverware | C | $10.00 |
| | | Bedroom Furn | C | $200.00 |
| | | TV | C | $50.00 |
| | | VCR | C | $25.00 |
| | | Dining Room Furn | C | $150.00 |
| | | Total  > | | $942.61 |

Form B6B
(10/05)

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

IN RE:   **Raymond Valdez
Andrea Valdez**

CASE NO   **06-30097**

CHAPTER   **13**

## SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 1*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | Clothing | C | $100.00 |
| 7. Furs and jewelry. | | Jewelry | C | $250.00 |
| 8. Firearms and sports, photo-graphic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities.  Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars.  (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c); Rule 1007(b)). | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans.  Give particulars. | X | | | |
| 13. Stock and interests in incorpo-rated and unincorporated businesses. Itemize. | X | | | |
| | | | Total  > | $1,292.61 |

Form B6B
(10/05)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

IN RE:   **Raymond Valdez**
       **Andrea Valdez**

CASE NO   **06-30097**

CHAPTER   **13**

## SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 2*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercis-able for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliqui-dated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | X | | | |
| | | | Total  > | **$1,292.61** |

Form B6B
(10/05)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

IN RE:   **Raymond Valdez**
      **Andrea Valdez**

CASE NO   **06-30097**

CHAPTER   **13**

## SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 3*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2004 Dodge Ram 1500 | C | $16,700.00 |
| | | 2005 Chrysler 300 | C | $21,500.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| | | | Total > | **$39,492.61** |

Form B6B
(10/05)

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

IN RE:   **Raymond Valdez**
         **Andrea Valdez**

CASE NO   **06-30097**

CHAPTER   **13**

## SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 4*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | | John Deere Riding Mower | C | $4,000.00 |
| | | | **Total  >** | **$43,492.61** |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

IN RE:   **Raymond Valdez**
         **Andrea Valdez**

CASE NO   **06-30097**

CHAPTER   **13**

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)

☑ 11 U.S.C. § 522(b)(2)
☐ 11 U.S.C. § 522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds
$125,000.

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| NORTH HEIGHTS LOT 5 BLOCK 118 | 11 U.S.C. § 522(d)(1) | $0.00 | $48,900.00 |
| Wells Fargo Checking *2315 | 11 U.S.C. § 522(d)(5) | $25.00 | $25.00 |
| Cal-Com Federal Credit Union * 3550 | 11 U.S.C. § 522(d)(5) | $47.61 | $47.61 |
| Stove | 11 U.S.C. § 522(d)(3) | $100.00 | $100.00 |
| Microwave | 11 U.S.C. § 522(d)(3) | $10.00 | $10.00 |
| Refrigerator | 11 U.S.C. § 522(d)(3) | $150.00 | $150.00 |
| Washing Machine | 11 U.S.C. § 522(d)(3) | $25.00 | $25.00 |
| Dryer | 11 U.S.C. § 522(d)(3) | $50.00 | $50.00 |
| Living Room Furn | 11 U.S.C. § 522(d)(3) | $100.00 | $100.00 |
| Silverware | 11 U.S.C. § 522(d)(3) | $10.00 | $10.00 |
| Bedroom Furn | 11 U.S.C. § 522(d)(3) | $200.00 | $200.00 |
| TV | 11 U.S.C. § 522(d)(3) | $50.00 | $50.00 |
| VCR | 11 U.S.C. § 522(d)(3) | $25.00 | $25.00 |
| Dining Room Furn | 11 U.S.C. § 522(d)(3) | $150.00 | $150.00 |
| Clothing | 11 U.S.C. § 522(d)(3) | $100.00 | $100.00 |
| | | **$1,042.61** | **$49,942.61** |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

IN RE:  **Raymond Valdez**
**Andrea Valdez**

CASE NO   **06-30097**

CHAPTER   **13**

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

*Continuation Sheet No. 1*

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---:|---:|
| Jewelry | 11 U.S.C. § 522(d)(4) | $250.00 | $250.00 |
| 2004 Dodge Ram 1500 | 11 U.S.C. § 522(d)(2) | $0.00 | $16,700.00 |
| 2005 Chrysler 300 | 11 U.S.C. § 522(d)(2) | $0.00 | $21,500.00 |
| John Deere Riding Mower | 11 U.S.C. § 522(d)(3) | $0.00 | $4,000.00 |
| | | $1,292.61 | $92,392.61 |

Form B6D
(10/05)

IN RE: **Raymond Valdez**
       **Andrea Valdez**

CASE NO  **06-30097**
         (If Known)

CHAPTER  **13**

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCT #: xxxxxx7678<br><br>**Chrysler Credit**<br>**5225 Crooks Rd Ste 140**<br>**Troy, MI 48098** | | C | DATE INCURRED:  **07/01/2004**<br>NATURE OF LIEN:<br>**Automobile**<br>COLLATERAL:<br>**2004 Dodge Ram 1500**<br>REMARKS:<br><br>VALUE:  **$16,700.00** | | | | $22,111.00 | $5,411.00 |
| ACCT #: xxxxxxxxxxx4980<br><br>**Deere Credit Services**<br>**8402 Excelsior Dr**<br>**Madison, WI 53717** | | C | DATE INCURRED:  **05/10/2001**<br>NATURE OF LIEN:<br>**Charge Account**<br>COLLATERAL:<br>**John Deere Riding Mower**<br>REMARKS:<br><br>VALUE:  **$4,000.00** | | | | $4,131.00 | $131.00 |
| ACCT #: x0314<br><br>**Texas Dow Employees Cu**<br>**1001 F M 2004**<br>**Lake Jackson, TX 77566** | | C | DATE INCURRED:  **03/30/2005**<br>NATURE OF LIEN:<br>**Automobile**<br>COLLATERAL:<br>**2005 Chrysler 300**<br>REMARKS:<br><br>VALUE:  **$21,500.00** | | | | $25,669.00 | $4,169.00 |
| ACCT #: xxxxxx6939<br><br>**Wells Fargo Home Mtg**<br>**405 Sw 5th St**<br>**Des Moines, IA 50309** | | C | DATE INCURRED:  **08/04/2000**<br>NATURE OF LIEN:<br>**FHA Real Estate Mortgage**<br>COLLATERAL:<br>**mtg**<br>REMARKS:<br><br>VALUE:  **$48,900.00** | | | | $55,297.00 | $6,397.00 |

_____**No**_____ continuation sheets attached

Subtotal (Total of this Page) >  **$107,208.00**

Total (Use only on last page) >  **$107,208.00**

(Report total also on Summary of Schedules)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

IN RE:   **Raymond Valdez**
**Andrea Valdez**

CASE NO   **06-30097**

CHAPTER   **13**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☐  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## TYPES OF PRIORITY CLAIMS   (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief.  11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,000* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $4,925* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
Claims of individuals up to $2,225* for deposits for the purchase, lease or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☑ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507(a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).

☑ **Administrative allowances under 11 U.S.C. Sec. 330**
Claims based on services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by such person as approved by the court and/or in accordance with 11 U.S.C. Secs. 326, 328, 329 and 330.

*Amounts are subject to adjustment on April 1, 2007, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

_____**2**_____continuation sheets attached

IN RE:   **Raymond Valdez**
**Andrea Valdez**

CASE NO   **06-30097**
_(If Known)_

CHAPTER   **13**

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

_Continuation Sheet No. 1_

| TYPE OF PRIORITY | Taxes and Certain Other Debts Owed to Governmental Units |
|---|---|

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| ACCT #:<br>**IRS**<br>**P.O. Box 21126**<br>**Philadelphia, PA 19114** | | C | DATE INCURRED:<br>CONSIDERATION:<br>**Taxes**<br>REMARKS: | | | | **Notice Only** | **Notice Only** |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| Total for this Page (Subtotal) > | | | | | | | $0.00 | $0.00 |
| Running Total > | | | | | | | $0.00 | $0.00 |

IN RE:  **Raymond Valdez**
        **Andrea Valdez**

CASE NO  06-30097
              (If Known)

CHAPTER  **13**

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

*Continuation Sheet No. 2*

| TYPE OF PRIORITY | Administrative allowances |
| --- | --- |

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| ACCT #:<br>**Boren Swindell & Assoc.**<br>**2900 Weslayan, Suite 595**<br>**Houston, TX 77027** | | C | DATE INCURRED:  **12/13/2005**<br>CONSIDERATION:<br>**Attorney Fees**<br>REMARKS: | | | | $1,800.00 | $1,800.00 |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | Total for this Page (Subtotal) > | | | | $1,800.00 | $1,800.00 |
| | | | Running Total > | | | | $1,800.00 | $1,800.00 |

IN RE:   **Raymond Valdez**
**Andrea Valdez**

CASE NO   06-30097
(If Known)

CHAPTER   **13**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:   xxxxxxxx3890<br>**Cal-com Cred**<br>**Po Box 1005**<br>**Port Lavaca, TX 77979** | | C | DATE INCURRED:   **10/1993**<br>CONSIDERATION:<br>**Credit Card**<br>REMARKS: | | | | $2,725.00 |
| ACCT #:   xxxxxxxxxxxx1433<br>**Citibank Usa**<br>**Po Box 9714**<br>**Gray, TN 37615** | | C | DATE INCURRED:   **02/08/2004**<br>CONSIDERATION:<br>**Charge Account**<br>REMARKS: | | | | $165.00 |
| ACCT #:   xxxxx0607<br>**Credit First N A**<br>**6275 Eastland Rd**<br>**Brook Park, OH 44142** | | C | DATE INCURRED:   **03/05/1984**<br>CONSIDERATION:<br>**Charge Account**<br>REMARKS: | | | | $978.00 |
| ACCT #:   xxxx4798<br>**Credit Systems International/ Collection**<br>**1277 Country Club**<br>**Fort Worth, TX 76112** | | C | DATE INCURRED:   **01/2001**<br>CONSIDERATION:<br>**Unknown Loan Type**<br>REMARKS: | | | | $358.00 |
| ACCT #:   xxxxxxxxx, xxxxx6700<br>**DeTar Hospital**<br>**506 E San Antonio St**<br>**Victoria, TX 77901** | | C | DATE INCURRED:<br>CONSIDERATION:<br>**Medical services**<br>REMARKS: | | | | $6,811.45 |
| ACCT #:   xxxxx9063<br>**DeTar Hospital**<br>**506 E San Antonio**<br>**Victoria, TX 77901** | | C | DATE INCURRED:<br>CONSIDERATION:<br>**Medical services**<br>REMARKS: | | | | $146.93 |
| ACCT #:   xxxxxxxx4103<br>**Gemb/dillards**<br>**Po Box 981400**<br>**El Paso, TX 79998** | | C | DATE INCURRED:   **05/26/2002**<br>CONSIDERATION:<br>**Charge Account**<br>REMARKS: | | | | $148.00 |

____2____ continuation sheets attached

Subtotal >   $11,332.38

Total (Use only on last page of the completed Schedule F) >

IN RE:  **Raymond Valdez**
         **Andrea Valdez**

CASE NO  **06-30097**
                    (If Known)

CHAPTER  **13**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

*Continuation Sheet No. 1*

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:  **xxxxxxxx1806**<br>**Gemb/funancing**<br>**950 Forrer Blvd**<br>**Kettering, OH 45420** | | C | DATE INCURRED:  **04/03/2005**<br>CONSIDERATION:<br>**Charge Account**<br>REMARKS: | | | | $1,838.00 |
| ACCT #:  **xx1531**<br>**Hawkeye Adj (original Creditor:satkartar**<br>**2300 Pierce St**<br>**Sioux City, IA 51104** | | C | DATE INCURRED:  **05/2003**<br>CONSIDERATION:<br>**Unknown Loan Type**<br>REMARKS: | | | | $60.00 |
| ACCT #:  **xxx-xx-xxxx/xxx-xx-4115**<br>**John Swannack, DDS**<br>**105 Professional Drive**<br>**Victoria, TX 77901** | | C | DATE INCURRED:<br>CONSIDERATION:<br>**Medical services**<br>REMARKS: | | | | $2,557.00 |
| ACCT #:  **xxxxxxxx4023**<br>**Lowes/mbga**<br>**Po Box 103065**<br>**Roswell, GA 30076** | | C | DATE INCURRED:  **01/06/1996**<br>CONSIDERATION:<br>**Charge Account**<br>REMARKS: | | | | $2,079.00 |
| ACCT #:  **xxxxx7355**<br>**Medical Data Systems I (original Credito**<br>**2001 9th Ave Ste 312**<br>**Vero Beach, FL 32960** | | C | DATE INCURRED:  **01/30/2003**<br>CONSIDERATION:<br>**Collection**<br>REMARKS: | | | | $4,437.00 |
| ACCT #:  **xxxxx6700**<br>**Medical Data Systems I (original Credito**<br>**2001 9th Ave Ste 312**<br>**Vero Beach, FL 32960** | | C | DATE INCURRED:  **06/19/2003**<br>CONSIDERATION:<br>**Collection**<br>REMARKS: | | | | $2,374.00 |
| ACCT #:  **xx9825**<br>**National Credit System (original Credito**<br>**3800 Camp Creek Pkwy B18**<br>**Atlanta, GA 30331** | | C | DATE INCURRED:  **06/08/2001**<br>CONSIDERATION:<br>**Collection**<br>REMARKS: | | | | $243.00 |

Subtotal >  $13,588.00

Total (Use only on last page of the completed Schedule F) >

IN RE:  **Raymond Valdez**
        **Andrea Valdez**

CASE NO  **06-30097**
_____
(If Known)

CHAPTER  **13**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
*Continuation Sheet No. 2*

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:  **xxx0841**<br>**Nco Fin/31 (original Creditor:utmb Physi**<br>**Po Box 41667**<br>**Philadelphia, PA 19101** | | C | DATE INCURRED: **10/21/2003**<br>CONSIDERATION:<br>**Collection**<br>REMARKS: | | | | $165.00 |
| ACCT #:  **xxxxxxxxxxxx2445**<br>**Tractor Supply/cbusa N**<br>**Po Box 9714**<br>**Gray, TN 37615** | | C | DATE INCURRED: **04/03/2005**<br>CONSIDERATION:<br>**Charge Account**<br>REMARKS: | | | | $44.00 |
| ACCT #:  **xxxxxxx6205**<br>**Wells Fargo**<br>**Po Box 5445**<br>**Portland, OR 97228** | | C | DATE INCURRED: **04/03/2005**<br>CONSIDERATION:<br>**Credit Card**<br>REMARKS: | | | | $3,001.00 |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

Subtotal >  **$3,210.00**

Total (Use only on last page of the completed Schedule F) >  **$28,130.38**

Form B6G
(10/05)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

IN RE:   **Raymond Valdez**
**Andrea Valdez**

CASE NO   **06-30097**

CHAPTER   **13**

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☑  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST.  STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
|  |  |

Form B6H
(10/05)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

IN RE: **Raymond Valdez**
       **Andrea Valdez**

CASE NO   **06-30097**

CHAPTER   **13**

## SCHEDULE H - CODEBTORS

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

IN RE:  **Raymond Valdez**                                    CASE NO    **06-30097**
        **Andrea Valdez**

                                                             CHAPTER    **13**

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

| Debtor's Marital Status: | Dependents of Debtor and Spouse | | | |
|---|---|---|---|---|
| **Married** | Relationship:  Daughter          Age: 40<br>                Granddaughter        11 | | Relationship:                    Age: | |

| Employment | Debtor | Spouse |
|---|---|---|
| Occupation | Retired/Crane Operator | Retired |
| Name of Employer | U.S. Contracters | |
| How Long Employed | 3 months | |
| Address of Employer | 1800 State Highway 35 S<br>Port Lavaca, TX 77979 | |

| INCOME:  (Estimate of average monthly income) | DEBTOR | SPOUSE |
|---|---|---|
| 1.  Current monthly gross wages, salary, and commissions (prorate if not paid monthly) | $2,814.00 | $0.00 |
| 2.  Estimate monthly overtime | $0.00 | $0.00 |
| 3.  SUBTOTAL | **$2,814.00** | **$0.00** |
| 4.  LESS PAYROLL DEDUCTIONS | | |
|     a. Payroll taxes (includes social security tax if b. is zero) | $66.21 | $0.00 |
|     b. Social Security Tax | $42.71 | $0.00 |
|     c. Medicare | $9.99 | $0.00 |
|     d. Insurance | $0.00 | $0.00 |
|     e. Union dues | $0.00 | $0.00 |
|     f. Retirement | $0.00 | $0.00 |
|     g. Other (specify) _____ | $0.00 | $0.00 |
|     h. Other (specify) _____ | $0.00 | $0.00 |
|     i. Other (specify) _____ | $0.00 | $0.00 |
|     j. Other (specify) _____ | $0.00 | $0.00 |
|     k. Other (specify) _____ | $0.00 | $0.00 |
| 5.  SUBTOTAL OF PAYROLL DEDUCTIONS | **$118.91** | **$0.00** |
| 6.  TOTAL NET MONTHLY TAKE HOME PAY | **$2,695.09** | **$0.00** |
| 7.  Regular income from operation of business or profession or farm (attach detailed stmt) | $0.00 | $0.00 |
| 8.  Income from real property | $0.00 | $0.00 |
| 9.  Interest and dividends | $0.00 | $0.00 |
| 10. Alimony, maintenance or support payments payable to debtor for the debtor's use or<br>     that of dependents listed above. | $0.00 | $0.00 |
| 11. Social Security or government assistance (specify) | $1,394.00 | $494.00 |
| 12. Pension or retirement income | $0.00 | $0.00 |
| 13. Other monthly income (specify) | | |
|     a. Daughter's contribution to expenses | $200.00 | $0.00 |
|     b._____ | $0.00 | $0.00 |
|     c._____ | $0.00 | $0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $1,594.00 | $494.00 |
| 15. TOTAL MONTHLY INCOME (Add amounts shown on lines 6 and 14) | **$4,289.09** | **$494.00** |

16. TOTAL COMBINED MONTHLY INCOME:  **$4,783.09**                    (Report also on Summary of Schedules)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

IN RE:   **Raymond Valdez**                                            CASE NO   **06-30097**
       **Andrea Valdez**

                                                  CHAPTER   **13**

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home)<br>   a. Are real estate taxes included?   ☑ Yes    ☐ No<br>   b. Is property insurance included?   ☑ Yes    ☐ No | |
| 2. Utilities:   a. Electricity and heating fuel | $250.00 |
|               b. Water and sewer | $75.00 |
|               c. Telephone | $120.00 |
|               d. Other:   Cable | $90.00 |
| 3. Home maintenance (repairs and upkeep) | $250.00 |
| 4. Food | $550.00 |
| 5. Clothing | $100.00 |
| 6. Laundry and dry cleaning | $50.00 |
| 7. Medical and dental expenses | $325.00 |
| 8. Transportation (not including car payments) | $490.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $75.00 |
| 10. Charitable contributions | |
| 11. Insurance (not deducted from wages or included in home mortgage payments)<br>          a. Homeowner's or renter's | |
|           b. Life | $180.00 |
|           c. Health | |
|           d. Auto | $400.00 |
|           e. Other: | |
| 12. Taxes (not deducted from wages or included in home mortgage payments)<br>Specify: | |
| 13. Installment payments: (In Chapter 11, 12, and 13 cases, do not list payments included in the plan)<br>          a. Auto:<br>          b. Other:<br>          c. Other:<br>          d. Other: | |
| 14. Alimony, maintenance, and support paid to others:<br>15. Payments for support of add'l dependents not living at your home:<br>16. Regular expenses from operation of business, profession, or farm (attach detailed statement)<br>17.a. Other: Gas for home<br>17.b. Other: | <br><br><br>$50.00 |
| **18. TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules)** | **$3,005.00** |
| 19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:<br><br><br>20. STATEMENT OF MONTHLY NET INCOME | |
| a. Total monthly income from Line 16 of Schedule I | $4,783.09 |
| b. Total monthly expenses from Line 18 above | $3,005.00 |
| c. Monthly net income (a. minus b.) | $1,778.09 |

Form 6-Summary
(10/05)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

IN RE:   **Raymond Valdez**
        **Andrea Valdez**

CASE NO   **06-30097**

CHAPTER   **13**

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities."

**AMOUNTS SCHEDULED**

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $48,900.00 | | |
| B - Personal Property | Yes | 5 | $43,492.61 | | |
| C - Property Claimed as Exempt | Yes | 2 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $107,208.00 | |
| E - Creditors Holding Unsecured Priority Claims | Yes | 3 | | $1,800.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 3 | | $28,130.38 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | $4,783.09 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | $3,005.00 |
| Total > | | | $92,392.61 | $137,138.38 | |

Form 6-Summary
(10/05)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

IN RE:   **Raymond Valdez**
         **Andrea Valdez**

CASE NO   **06-30097**

CHAPTER   **13**

## Statistical Summary of Certain Liabilities (28 U.S.C. § 159)
## [Individual Debtors Only]

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | **$0.00** |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | **$0.00** |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) | **$0.00** |
| Student Loan Obligations (from Schedule F) | **$0.00** |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | **$0.00** |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | **$0.00** |
| **TOTAL** | **$0.00** |

**The foregoing information is for statistical purposes only under 28 U.S.C. § 159.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

IN RE:   **Raymond Valdez**                                        CASE NO   **06-30097**
         **Andrea Valdez**

                                                                 CHAPTER   **13**

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____**20**_____

sheets, and that they are true and correct to the best of my knowledge, information, and belief.     (Total shown on summary page plus 1.)

Date  **01/10/2006**                                  Signature  **/s/ Raymond Valdez**
                                                                 **Raymond Valdez**

Date  **01/10/2006**                                  Signature  **/s/ Andrea Valdez**
                                                                 **Andrea Valdez**
                                                      [If joint case, both spouses must sign.]

---

*Penalty for making a false statement or concealing property:  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

IN RE:   **Raymond Valdez**
        **Andrea Valdez**

CASE NO   **06-30097**

CHAPTER   **13**

## STATEMENT OF FINANCIAL AFFAIRS

---

None
☐

**1. Income from employment or operation of business**

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
| --- | --- |
| $3,224.37 | 2005 YTD Debtor Income from employment |

---

None
☐

**2. Income other than from employment or operation of business**

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
| --- | --- |
| $16,728.00 | 2004 Debtor Income from SS |
| $16,728.00 | 2003 Debtor Income from SS |
| $15,334.00 | 2005 YTD Debtor Income from SS |
| $5,928.00 | 2003 Joint Debtor Income from SS |
| $5,928.00 | 2004 Joint Debtor Income from SS |
| $5,434.00 | 2005 YTD Joint Debtor Income from SS |

---

**3. Payments to creditors**

*Complete a. or b., as appropriate, and c.*

None
☐

a. Individual or joint debtor(s) with primarily consumer debts: List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
| --- | --- | --- | --- |
| Wells Fargo Home Mortgage<br>P.O. Box 54017<br>Los Angeles, CA 90054 | | $2,262.63 | $55,243.96 |
| Chrysler Financial<br>P.O.Box 55000 Dept 277001<br>Detroit,MI 48255 | | $910.16 | $22,400.01 |
| TDECU<br>1001 FM 2004<br>Lake Jackson, TX 77566 | | $921.46 | $25,935.28 |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

IN RE:   **Raymond Valdez**
             **Andrea Valdez**

CASE NO   **06-30097**

CHAPTER   **13**

## STATEMENT OF FINANCIAL AFFAIRS

*Continuation Sheet No. 1*

---

None
☑

b.  Debtor whose debts are not primarily consumer debts:  List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,000.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None
☑

c.  All debtors:  List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None
☑

**4. Suits and administrative proceedings, executions, garnishments and attachments**

a.  List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None
☑

b.  Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None
☑

**5. Repossessions, foreclosures and returns**

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None
☑

**6. Assignments and receiverships**

a.  Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None
☑

b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None
☑

**7. Gifts**

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None
☑

**8. Losses**

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

IN RE:   **Raymond Valdez**
         **Andrea Valdez**

CASE NO   **06-30097**

CHAPTER   **13**

## STATEMENT OF FINANCIAL AFFAIRS

*Continuation Sheet No. 2*

---

None ☐

**9. Payments related to debt counseling or bankruptcy**

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Boren Swindell & Assoc.** **2900 Weslayan, Suite 595** **Houston, TX 77027** | **12/13/2005** | **$250.00** |

---

None ☑

**10. Other transfers**

a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None ☑

b.  List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

---

None ☑

**11. Closed financial accounts**

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case.  Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None ☑

**12. Safe deposit boxes**

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None ☑

**13. Setoffs**

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None ☑

**14. Property held for another person**

List all property owned by another person that the debtor holds or controls.

---

None ☑

**15. Prior address of debtor**

If the debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

IN RE:   **Raymond Valdez**
         **Andrea Valdez**

CASE NO   **06-30097**

CHAPTER   **13**

## STATEMENT OF FINANCIAL AFFAIRS

*Continuation Sheet No. 3*

---

### 16. Spouses and Former Spouses

None ☑

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

---

### 17. Environmental Information

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

---

None ☑

a.  List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law.  Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

---

None ☑

b.  List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

---

None ☑

c.  List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

---

### 18. Nature, location and name of business

None ☑

a.  If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencement of this case.

   **NAME, ADDRESS, AND LAST FOUR DIGITS OF**

---

None ☑

b.  Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

IN RE:   **Raymond Valdez**                                      CASE NO   **06-30097**
         **Andrea Valdez**

                                                                 CHAPTER   **13**

## STATEMENT OF FINANCIAL AFFAIRS

*Continuation Sheet No. 4*

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case.  A debtor who has not been in business within those six years should go directly to the signature page.)

---

### 19. Books, records and financial statements

None
☑   a.  List all bookkeepers and accountants who within two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

---

None
☑   b.  List all firms or individuals who within two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

---

None
☑   c.  List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor.  If any of the books of account and records are not available, explain.

---

None
☑   d.  List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within two years immediately preceding the commencement of this case.

---

### 20. Inventories

None
☑   a.  List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

---

None
☑   b.  List the name and address of the person having possession of the records of each of the inventories reported in a., above.

---

### 21. Current Partners, Officers, Directors and Shareholders

None
☑   a.  If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

---

None
☑   b.  If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

---

### 22. Former partners, officers, directors and shareholders

None
☑   a.  If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

---

None
☑   b.  If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

IN RE:  **Raymond Valdez**
       **Andrea Valdez**

CASE NO  **06-30097**

CHAPTER  **13**

## STATEMENT OF FINANCIAL AFFAIRS

*Continuation Sheet No. 5*

---

None
☑

**23. Withdrawals from a partnership or distributions by a corporation**

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

---

None
☑

**24. Tax Consolidation Group**

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within six years immediately preceding the commencement of the case.

---

None
☑

**25. Pension Funds**

If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within six years immediately preceding the commencement of the case.

---

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  **01/10/2006**

Signature  **/s/ Raymond Valdez**
of Debtor      **Raymond Valdez**

Date  **01/10/2006**

Signature  **/s/ Andrea Valdez**
of Joint Debtor  **Andrea Valdez**
(if any)

*Penalty for making a false statement:  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. Sections 152 and 3571*

B201 (10/05)

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

IN RE:   **Raymond Valdez
Andrea Valdez**

## NOTICE TO INDIVIDUAL CONSUMER DEBTOR(S) UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.  You are cautioned that bankruptcy law is complicated and not easily described.  Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition.  Court employees cannot give you legal advice.

## 1.   Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.**  The briefing must be given within 180 days BEFORE the bankruptcy filing.  The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.**  The clerk also has a list of approved financial management instructional courses.

## 2.   The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

**Chapter 7:     Liquidation ($220 filing fee, $39 administrative fee, $15 trustee surcharge: Total fee $274)**
1.  Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts.  Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7.  If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code.  It is up to the court to decide whether the case should be dismissed.

2.  Under chapter 7, you may claim certain of your property as exempt under governing law.  A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

3.  The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts.  If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

4.  Even if you receive a general discharge, some particular debts are not discharged under the law.  Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.  Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

**Chapter 13:  Repayment of All or Part of the Debts of an Individual with Regular Income
($150 filing fee, $39 administrative fee: Total fee $189)**
1.  Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time.  You are eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2.  Under Chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings.  The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors.  The court must approve your plan before it can take effect.

B201 (10/05)                                            **UNITED STATES BANKRUPTCY COURT**                                            Page 2
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

IN RE:  **Raymond Valdez**
        **Andrea Valdez**

# NOTICE TO INDIVIDUAL CONSUMER DEBTOR(S) UNDER § 342(b)
# OF THE BANKRUPTCY CODE

3.  After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

## Chapter 11:  Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)
Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors.  Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

## Chapter 12:  Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)
Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13.  The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3.  Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to fine, imprisonment, or both.  All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:**   Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition.  Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

**Certificate of the Debtor**

I (We), the debtor(s), affirm that I (we) have received and read this notice.

| | |
|---|---|
| **Raymond Valdez** | **X  /s/ Raymond Valdez**          01/10/2006 |
| **Andrea Valdez** | Signature of Debtor                        Date |
| Printed Name(s) of Debtor(s) | **X  /s/ Andrea Valdez**          01/10/2006 |
| Case No. (if known)  __06-30097__ | Signature of Joint Debtor (if any)      Date |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

IN RE:   **Raymond Valdez**
         **Andrea Valdez**

CASE NO   **06-30097**

CHAPTER   **13**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept: | Fixed Fee: | **$2,050.00** |
| Prior to the filing of this statement I have received: | | **$250.00** |
| Balance Due: | | **$1,800.00** |

2. The source of the compensation paid to me was:
   ☑ Debtor          ☐ Other (specify)

3. The source of compensation to be paid to me is:
   ☑ Debtor          ☐ Other (specify)

4. ☑  I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐  I have agreed to share the above-disclosed compensation with another person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
   a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b.  Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;
   c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:
   **Adversarial proceedings, contested motions, motions to sell property or incur debts and requests for expedited hearings.**

---

CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**01/10/2006**                          **/s/ Sonya Kapp**
_Date_                                   _Sonya Kapp_                          Bar No.  11095395
                                         Boren, Swindell & Associates, L.L.P.
                                         2900 Weslayan, #595
                                         Houston, TX  77027
                                         Phone: (713) 622-8858 / Fax: (713) 622-3701

---

 **/s/ Raymond Valdez**                          **/s/ Andrea Valdez**
_Raymond Valdez_                                 _Andrea Valdez_

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

IN RE:   **Raymond Valdez**                                      CASE NO   **06-30097**
         **Andrea Valdez**

                                                                CHAPTER   **13**

## <u>VERIFICATION OF CREDITOR MATRIX</u>

     The above named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.


Date  01/10/2006                                  Signature   **/s/ Raymond Valdez**
                                                              ***Raymond Valdez***


Date  01/10/2006                                  Signature   **/s/ Andrea Valdez**
                                                              ***Andrea Valdez***

Boren Swindell & Assoc.
2900 Weslayan, Suite 595
Houston, TX 77027


Cal-com Cred
Po Box 1005
Port Lavaca, TX 77979


Chrysler Credit
5225 Crooks Rd Ste 140
Troy, MI 48098


Citibank Usa
Po Box 9714
Gray, TN 37615


Credit First N A
6275 Eastland Rd
Brook Park, OH 44142


Credit Systems International/ Collection
1277 Country Club
Fort Worth, TX 76112


Deere Credit Services
8402 Excelsior Dr
Madison, WI 53717


DeTar Hospital
506 E San Antonio St
Victoria, TX 77901


DeTar Hospital
506 E San Antonio
Victoria, TX 77901

Gemb/dillards
Po Box 981400
El Paso, TX 79998


Gemb/funancing
950 Forrer Blvd
Kettering, OH 45420


Hawkeye Adj (original Creditor:satkartar
2300 Pierce St
Sioux City, IA 51104


IRS
P.O. Box 21126
Philadelphia, PA 19114


John Swannack, DDS
105 Professional Drive
Victoria, TX 77901


Lowes/mbga
Po Box 103065
Roswell, GA 30076


Medical Data Systems I (original Credito
2001 9th Ave Ste 312
Vero Beach, FL 32960


National Credit System (original Credito
3800 Camp Creek Pkwy B18
Atlanta, GA 30331


Nco Fin/31 (original Creditor:utmb Physi
Po Box 41667
Philadelphia, PA 19101

Texas Dow Employees Cu
1001 F M 2004
Lake Jackson, TX 77566


Tractor Supply/cbusa N
Po Box 9714
Gray, TN 37615


Wells Fargo
Po Box 5445
Portland, OR 97228


Wells Fargo Home Mtg
405 Sw 5th St
Des Moines, IA 50309

**Form B22C (Chapter 13) (10/05)**

In re: **Raymond Valdez**
         **Andrea Valdez**

Case Number:  **06-30097**

| According to the calculations required by this statement: |
|---|
| ☑ **The applicable commitment period is 3 years.** |
| ☐ **The applicable commitment period is 5 years.** |
| ☐ **Disposable Income is determined under § 1325(b)(3).** |
| ☑ **Disposable Income is not determined under § 1325(b)(3).** |
| (Check the boxes as directed in Lines 17 and 23 of this statement.) |

# STATEMENT OF CURRENT MONTHLY INCOME
# AND CALCULATION OF COMMITMENT PERIOD AND DISPOSABLE INCOME
### FOR USE IN CHAPTER 13

In addition to Schedules I and J, this statement must be completed by every individual Chapter 13 debtor, whether or not filing jointly. Joint debtors may complete one statement only.

| Part I. REPORT OF INCOME | | | |
|---|---|---|---|
| 1 | **Marital/filing status.**  Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☐ Unmarried.  **Complete only Column A ("Debtor's Income") for Lines 2-10.**<br>b. ☑ Married.   **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 2-10.** | | | |
| 1 | All figures must reflect average monthly income for the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing.  If you received different amounts of income during these six months, you must total the amounts received during the six months, divide this total by six, and enter the result on the appropriate line. | | **Column A**<br><br>Debtor's Income | **Column B**<br><br>Spouse's Income |
| 2 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | | $787.58 | $0.00 |
| 3 | **Income from the operation of a business, profession, or farm.**   Subtract Line b from Line a and enter the difference on Line 3.  Do not enter a number less than zero.   **Do not include any part of the business expenses entered on Line b as a deduction in Part IV.** | | | |
| 3 | a. | Gross receipts | $0.00          $0.00 | |
| 3 | b. | Ordinary and necessary business expenses | $0.00          $0.00 | |
| 3 | c. | Business income | Subtract Line b from Line a | $0.00 | $0.00 |
| 4 | **Rent and other real property income.**   Subtract Line b from Line a and enter the difference on Line 4.  Do not enter a number less than zero.   **Do not include any part of the operating expenses entered on Line b as a deduction in Part IV.** | | | |
| 4 | a. | Gross receipts | $0.00          $0.00 | |
| 4 | b. | Ordinary and necessary operating expenses | $0.00          $0.00 | |
| 4 | c. | Rental income | Subtract Line b from Line a | $0.00 | $0.00 |
| 5 | **Interest, dividends, and royalties.** | | $0.00 | $0.00 |
| 6 | **Pension and retirement income.** | | $0.00 | $0.00 |
| 7 | **Regular contributions to the household expenses of the debtor or the debtor's dependents, including child or spousal support.**  Do not include contributions from the debtor's spouse. | | $200.00 | $0.00 |
| 8 | **Unemployment compensation.**   Enter the amount in the appropriate column(s) of Line 8.  However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br><br>Unemployment compensation claimed to be a benefit under the Social Security Act    Debtor $0.00    Spouse $0.00 | | $0.00 | $0.00 |
| 9 | **Income from all other sources.**   Specify source and amount.  If necessary, list additional sources on a separate page.  Total and enter on Line 9.  DO NOT INCLUDE any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. | | | |
| 9 | a. | | | |
| 9 | b. | | | |
| 9 | Total and enter on Line 9 | | $0.00 | $0.00 |
| 10 | **Subtotal.** Add Lines 2 thru 9 in Column A, and, if Column B is completed, add Lines 2 through 9 in Column B.  Enter the total(s). | | $987.58 | $0.00 |
| 11 | **Total.**  If Column B has been completed, add Line 10, Column A to Line 10, Column B, and enter the total.  If Column B has not been completed, enter the amount from Line 10, Column A. | | $987.58 | |

## Part II. CALCULATION OF § 1325(b)(4) COMMITMENT PERIOD

| | | |
|---|---|---|
| 12 | **Enter the amount from Line 11.** | $987.58 |
| 13 | **Marital adjustment.** If you are married, but are not filing jointly with your spouse, AND if you contend that calculation of the commitment period under § 1325(b)(4) does not require inclusion of the income of your spouse, enter the amount of the income listed in Line 10, Column B that was NOT regularly contributed to the household expenses of you or your dependents. Otherwise, enter zero. | |
| 14 | **Subtract Line 13 from Line 12 and enter the result.** | $987.58 |
| 15 | **Annualized current monthly income for § 1325(b)(4).** Multiply the amount from Line 14 by the number 12 and enter the result. | $11,850.96 |
| 16 | **Applicable median family income.** Enter the median family income for the applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)<br><br>a. Enter debtor's state of residence: _____**Texas**_____   b. Enter debtor's household size: ___**4**___ | $56,246.00 |
| 17 | **Application of § 1325(b)(4).** Check the applicable box and proceed as directed.<br>☑ **The amount on Line 15 is less than the amount on Line 16.** Check the box for "The applicable commitment period is 3 years" at the top of page 1 of this statement and complete Part VII of this statement. DO NOT COMPLETE PARTS III, IV, V OR VI.<br>☐ **The amount on Line 15 is not less than the amount on Line 16.** Check the box for "The applicable commitment period is 5 years" at the top of page 1 of this statement and continue with Part III of this statement. | |

## Part III. APPLICATION OF § 1325(b)(3) FOR DETERMINING DISPOSABLE INCOME

| | | |
|---|---|---|
| 18 | **Enter the amount from Line 11.** | |
| 19 | **Marital adjustment.** If you are married, but are not filing jointly with your spouse, enter the amount of the income listed in Line 10, Column B that was NOT regularly contributed to the household expenses of you or your dependents. If you are unmarried or married and filing jointly with your spouse, enter zero. | |
| 20 | **Current monthly income for § 1325(b)(3).** Subtract Line 19 from Line 18 and enter the result. | |
| 21 | **Annualized current monthly income for § 1325(b)(3).** Multiply the amount from Line 20 by the number 12 and enter the result. | |
| 22 | **Applicable median family income.** Enter the amount from Line 16. | |
| 23 | **Application of § 1325(b)(3).** Check the applicable box and proceed as directed.<br>☐ **The amount on Line 21 is more than the amount on Line 22.** Check the box for "Disposable income is determined under § 1325(b)(3)" at the top of page 1 of this statement and complete the remaining parts of this statement.<br>☐ **The amount on Line 21 is not more than the amount on Line 22.** Check the box for "Disposable income is not determined under § 1325(b)(3)" at the top of page 1 of this statement and complete Part VII of this statement. DO NOT COMPLETE PARTS IV, V, OR VI. | |

## Part IV. CALCULATION OF DEDUCTIONS ALLOWED UNDER § 707(b)(2)

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| | | |
|---|---|---|
| 24 | **National Standards: food, clothing, household supplies, personal care, and miscellaneous.** Enter "Total" amount from IRS National Standards for Allowable Living Expenses for the applicable family size and income level. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | |
| 25A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | |

| | | | |
|---|---|---|---|
| 25B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 47; subtract Line b from Line a and enter the result in Line 25B. DO NOT ENTER AN AMOUNT LESS THAN ZERO. | | |
| | a. | IRS Housing and Utilities Standards; mortgage/rent Expense | |
| | b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 47 | |
| | c. | Net mortgage/rental expense | Subtract Line b from Line a. |

| | | |
|---|---|---|
| 26 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 25A and 25B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | |

| | | |
|---|---|---|
| 27 | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation. Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 7. ☐ 0  ☐ 1  ☐ 2 or more Enter the amount from IRS Transportation Standards, Operating Costs & Public Transportation Costs for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | |

| | | | |
|---|---|---|---|
| 28 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.) ☐ 1  ☐ 2 or more Enter, in Line a below, the amount of the IRS Transportation Standards, Ownership Costs, First Car (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 47; subtract Line b from Line a and enter the result in Line 28. DO NOT ENTER AN AMOUNT LESS THAN ZERO. | | |
| | a. | IRS Transportation Standards, Ownership Costs, First Car | |
| | b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 47 | |
| | c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a. |

| | | | |
|---|---|---|---|
| 29 | **Local Standards: transportation ownership/lease expense: Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 28. Enter, in Line a below, the amount of the IRS Transportation Standards, Ownership Costs, Second Car (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 47; subtract Line b from Line a and enter the result in Line 29. DO NOT ENTER AN AMOUNT LESS THAN ZERO. | | |
| | a. | IRS Transportation Standards, Ownership Costs, Second Car | |
| | b. | Average Monthly Payments for debts secured by Vehicle 2, if any, as stated in Line 47 | |
| | c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a. |

| | | |
|---|---|---|
| 30 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state, and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. DO NOT INCLUDE REAL ESTATE OR SALES TAXES. | |

| | | |
|---|---|---|
| 31 | **Other Necessary Expenses: mandatory payroll deductions.** Enter the total average monthly payroll deductions that are required for your employment, such as mandatory retirement contributions, union dues, and uniform costs. DO NOT INCLUDE DISCRETIONARY AMOUNTS, SUCH AS NON-MANDATORY 401(K) CONTRIBUTIONS. | |

| 32 | **Other Necessary Expenses: life insurance.**   Enter average monthly premiums that you actually pay for term life insurance for yourself.  DO NOT INCLUDE PREMIUMS FOR INSURANCE ON YOUR DEPENDENTS, FOR WHOLE LIFE, OR FOR ANY OTHER FORM OF INSURANCE. | |
|---|---|---|
| 33 | **Other Necessary Expenses: court-ordered payments.**  Enter the total monthly amount that you are required to pay pursuant to court order, such as spousal or child support payments.  DO NOT INCLUDE PAYMENTS ON PAST DUE SUPPORT OBLIGATIONS INCLUDED IN LINE 49. | |
| 34 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | |
| 35 | **Other Necessary Expenses: childcare.** Enter the average monthly amount that you actually expend on childcare.  DO NOT INCLUDE PAYMENTS MADE FOR CHILDREN'S EDUCATION. | |
| 36 | **Other Necessary Expenses: heath care.**  Enter the average monthly amount that you actually expend on health care expenses that are not reimbursed by insurance or paid by a health savings account.  DO NOT INCLUDE PAYMENTS FOR HEALTH INSURANCE LISTED IN LINE 39. | |
| 37 | **Other Necessary Expenses: telecommunication services.**   Enter the average monthly expenses that you actually pay for cell phones, pagers, call waiting, caller identification, special long distance, or internet services necessary for the health and welfare of you or your dependents.  DO NOT INCLUDE ANY AMOUNT PREVIOUSLY DEDUCTED. | |
| 38 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 24 through 37. | |

| | **Subpart B: Additional Expense Deductions under § 707(b)** **Note: Do not include any expenses that you have listed in Lines 24-37** | | | |
|---|---|---|---|---|
| 39 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.**   List the average monthly amounts that you actually expend in each of the following categories and enter the total. | | | |
| | a. | Health Insurance | | |
| | b. | Disability Insurance | | |
| | c. | Health Savings Account | | |
| | | | Total:  Add Lines a, b and c | |
| 40 | **Continued contributions to the care of household or family members.**  Enter the actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses.  DO NOT INCLUDE PAYMENTS LISTED IN LINE 34. | | | |
| 41 | **Protection against family violence.** Enter any average monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. | | | |
| 42 | **Home energy costs in excess of the allowance specified by the IRS Local Standards.**  Enter the average monthly amount by which your home energy costs exceed the allowance in the IRS Local Standards for Housing and Utilities.  YOU MUST PROVIDE YOUR CASE TRUSTEE WITH DOCUMENTATION DEMONSTRATING THAT THE ADDITIONAL AMOUNT CLAIMED IS REASONABLE AND NECESSARY. | | | |
| 43 | **Education expenses for dependent children under 18.**  Enter the average monthly expenses that you actually incur, not to exceed $125 per child, in providing elementary and secondary education for your dependent children less than 18 years of age.  YOU MUST PROVIDE YOUR CASE TRUSTEE WITH DOCUMENTATION DEMONSTRATING THAT THE AMOUNT CLAIMED IS REASONABLE AND NECESSARY AND NOT ALREADY ACCOUNTED FOR IN THE IRS STANDARDS. | | | |
| 44 | **Additional food and clothing expense.**  Enter the average monthly amount by which your food and clothing expenses exceed the combined allowances for food and apparel in the IRS National Standards, not to exceed five percent of those combined allowances.  (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)  YOU MUST PROVIDE YOUR CASE TRUSTEE WITH DOCUMENTATION DEMONSTRATING THAT THE ADDITIONAL AMOUNT CLAIMED IS REASONABLE AND NECESSARY. | | | |
| 45 | **Continued charitable contributions.**  Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | | | |
| 46 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 39 through 45. | | | |

| | **Subpart C: Deductions for Debt Payment** | | |
|---|---|---|---|
| 47 | **Future payments on secured claims.**  For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, and state the Average Monthly Payment.  The Average Monthly Payment is the total of all amounts contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60.  Mortgage debts should include payments of taxes and insurance required by the mortgage.  If necessary, list additional entries on a separate page. | | |

| | Name of Creditor | Property Securing the Debt | 60-month Average Payment |
|---|---|---|---|
| a. | | | |
| b. | | | |
| c. | | | |
| | | | Total:  Add Lines a, b and c |

| | |
|---|---|
| 48 | **Past due payments on secured claims.**   If any of the debts listed in Line 47 are in default, and the property securing the debt is necessary for your support or the support of your dependents, you may include in your deductions 1/60th of the amount that you must pay the creditor as a result of the default (the "cure amount") in order to maintain possession of the property.  List any such amounts in the following chart and enter the total.  If necessary, list additional entries on a separate page. |

| | Name of Creditor | Property Securing the Debt in Default | 1/60th of the Cure Amount |
|---|---|---|---|
| a. | | | |
| b. | | | |
| c. | | | |
| | | | Total:  Add Lines a, b and c |

| | | |
|---|---|---|
| 49 | **Payments on priority claims.**  Enter the total amount of all priority claims (including priority child support and alimony claims), divided by 60. | |

| | | | |
|---|---|---|---|
| 50 | **Chapter 13 administrative expenses.**  Multiply the amount in Line a by the amount in Line b, and enter the resulting administrative expense. | | |
| | a. | Projected average monthly Chapter 13 plan payment. | |
| | b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees.  (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | % |
| | c. | Average monthly administrative expense of Chapter 13 case | Total: Multiply Lines a and b |

| | | |
|---|---|---|
| 51 | **Total Deductions for Debt Payment.** Enter the total of Lines 47 through 50. | |
| | **Subpart D: Total Deductions Allowed under § 707(b)(2)** | |
| 52 | **Total of all deductions allowed under § 707(b)(2).**  Enter the total of Lines 38, 46 and 51. | |

| | **Part V. DETERMINATION OF DISPOSABLE INCOME UNDER § 1325(b)(2)** | |
|---|---|---|
| 53 | **Total current monthly income.**  Enter the amount from Line 20. | |
| 54 | **Support income.**  Enter the monthly average of any child support payments, foster care payments, or disability payments for a dependent child, included in Line 7, that you received in accordance with applicable nonbankruptcy law, to the extent reasonably necessary to be expended for such child. | |
| 55 | **Qualified retirement deductions.**  Enter the monthly average of (a) all contributions or wage deductions made to qualified retirement plans, as specified in § 541(b)(7) and (b) all repayments of loans from retirement plans, as specified in § 362(b)(19). | |
| 56 | **Total of all deductions allowed under § 707(b)(2).** Enter the amount from Line 52. | |
| 57 | **Total adjustments to determine disposable income.** Add the amounts on Lines 54, 55, and 56 and enter the result. | |
| 58 | **Monthly Disposable Income under § 1325(b)(2).** Subtract Line 57 from Line 53 and enter the result. | |

Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas (210) 561-5300, Copyright 1996-2005

## Part VI: ADDITIONAL EXPENSE CLAIMS

| | | | |
|---|---|---|---|
| 59 | **Other Expenses.**  List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I).  If necessary, list additional sources on a separate page.  All figures should reflect your average monthly expense for each item.  Total the expenses. | | |

| | Expense Description | Monthly Amount |
|---|---|---|
| a. | | |
| b. | | |
| c. | | |
| | Total:  Add Lines a, b, and c | |

## Part VII: VERIFICATION

60

I declare under penalty of perjury that the information provided in this statement is true and correct.
*(If this is a joint case, both debtors must sign.)*

Date:  **01/10/2006**          Signature:   **/s/ Raymond Valdez**

(Debtor)

Date:  **01/10/2006**          Signature:   **/s/ Andrea Valdez**

(Joint Debtor, if any)

Computer software provided by **LegalPRO Systems, Inc.**, San Antonio, Texas (210) 561-5300, Copyright 1996-2005