**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

IN RE:                                                                             CASE NO:   **06-30097**
**Raymond Valdez**
**Andrea Valdez**

# Uniform Plan
## and
## Motion for Valuation of Collateral

### *AMENDED 4/7/2006*
CHAPTER 13 PLAN
Date of Plan:              **12/13/2005**

The debtors propose the following plan pursuant to § 1321*.

In conjunction with the plan, the Debtor moves for the valuation of secured claims in the amount set forth in paragraph 5.
**The debtor(s) propose to pay the holder of the Secured Claim only the amounts set forth in the debtor(s)' Plan.  The Court will conduct a scheduling conference on this contested matter on the date set for the hearing on confirmation of the debtor(s)' plan.  You must file a response to this objection, in writing, not less than 5 days (including weekends and holidays) before the hearing on confirmation of the plan or the valuation set forth in the plan may be adopted by the Court.  If no response is filed, the Debtor's sworn declaration at the conclusion of this plan may be submitted as summary evidence at the hearing (pursuant to Rule 7056) and 28 U.S.C. § 1746.**  If no timely answer is filed, the Court may conduct a final hearing on the objection at the hearing on confirmation of the plan.

**1. Payments.**   The debtors hereby submit all or such portion of their future earnings or other future income to the supervision and control of the chapter 13 Trustee ("Trustee") as is necessary for the execution of the plan.  The submission of income shall be accomplished by making monthly payments to the Trustee in amounts equal to all of the projected disposable income of the debtor, as defined in § 1325(b).  Schedules I and J of the debtor's schedules contain the debtor's good faith estimate of the current amount of available projected disposable income for purposes of this requirement.  Significant changes in the debtor's financial condition during the first three years of the plan may provide cause for the Trustee or any unsecured creditor to seek a modification of the plan pursuant to § 1329.  The amount, frequency, and duration of the payments, is as follows:

| Beginning Month | Ending Month | Amount of Monthly Payment | Total |
|---|---|---|---|
| 1 (Feb 2006) | 3 (Apr 2006) | $1,775.00 | $5,325.00 |
| 4 (May 2006) | 60 (Jan 2011) | $1,950.00 | $111,150.00 |
|  |  | Grand Total: | $116,475.00 |

The first monthly payment is due not later than 30 days after the date this Plan was filed.

**2. Priority Claims.**   From the payments made by the debtor to the Trustee, the Trustee shall pay in full, all claims entitled to priority under § 507.  Payments shall be made in the order of priority set forth in § 507(a) and § 507(b).  Payments of equal priority shall be made pro rata to holders of such claims.  Priority claims arising under § 503(b)(2) shall be paid only after entry of an order by the Bankruptcy Court approving payment of the claim.  If this case is dismissed, no priority claim arising under § 503(b)(2) shall be allowed unless an application for allowance is filed on or before 20 days after entry of the order of dismissal.

| Name of Holder of Priority Claim | Amount of Priority Claim | Interest Rate Under Plan | Amount of Estimated Periodic Payment | First Payment of this Amount in Month # | Last Payment of this Amount in Month # |
|---|---|---|---|---|---|
| Boren Swindell & Assoc. | $1,800.00 | 0.00% | $450.00 Avg. | 1 | 4 |

**3. Secured Claims for which Collateral is to be Abandoned.** The debtor abandons the following collateral:

| Name of Creditor | Description of Collateral |
|---|---|
|  |  |

* All § references are to the Bankruptcy Code.

Case No:   06-30097
Debtor(s):   **Raymond Valdez**
**Andrea Valdez**

**4. Secured Claim For Claim Secured Only by a Security Interest in Real Property That is the Debtor(s)' Principal Residence (Property to be Retained) or Other § 1322(b)(5) Claim.**  The following table sets forth the treatment of each class of secured creditors holding a claim secured only by a security interest in real property that is the debtor(s)' principal residence or other claim treated under § 1322(b)(5).  The amount listed as the "principal amount of claim for arrearage" is the amount proposed by the debtor(s) in this Plan.  If the actual allowed claim is in a different amount, the amount paid pursuant to this Plan shall be the amount due on the actual amount of the allowed claim without the need of an amended plan.  The amount listed as "amount of estimated periodic payment" will be adjusted to reflect the actual amount of the allowed claim.

| Name of Holder of Secured Claim / Security for Claim | Principal Amount of Claim for Arrearage | Interest Rate Under Plan | Amount of Estimated Periodic Payment | First Payment of this Amount in Month # | Last Payment of this Amount in Month # |
|---|---|---|---|---|---|
| | | | | | |

Payment of the arrearage amounts shall constitute a cure of all defaults (existing as of the petition date) of the debtor(s)' obligations to the holder of the secured claim.

The Secured Claims held by secured creditors holding a claim secured only by a security interest in real property that is the debtor(s)' residence (other than arrearage claims set forth in the above table) and other claims treated under § 1322(b)(5) will be paid in accordance with the pre-petition contract held by the holder of the secured claim.  The first such payment is due on the first payment due date under the promissory note (after the date this bankruptcy case was filed).  During the term of the plan, these payments will be made through the chapter 13 trustee in accordance with procedures adopted from time to time by the chapter 13 trustee and approved by the Court.  Each holder of a claim that is paid pursuant to this paragraph must elect to either (i) apply the payments received by it to the next payment due without penalty under the terms of the holder's pre-petition note; or (ii) waive all late charges that accrue after the order for relief in this case.  Any holder that fails to file an affirmative election within 30 days of entry of the order confirming this plan has waived all late charges that accrue after the order for relief in this case.  Notwithstanding the foregoing, the holder may impose any late charge that accrues following an event of default of a payment due under paragraph 1 of this Plan.

The automatic stay is modified to allow holders of secured claims to send only monthly statements (but not demand letters) to the Debtor(s).

**5. All Other Secured Claims (Property to be Retained).**  Each secured claimant is hereby designated to be in a class by itself.  Subject to disposition of a timely filed motion to avoid lien under § 522, or a complaint to determine the validity of a lien filed under Fed. R. Bankr. P. 7001, each secured creditor shall retain the lien securing its claim.  The lien shall be enforceable to secure payment of the claim the lien secures, as that claim may be modified by the plan.  The holder of a claim secured by a valid lien may enforce its lien only pursuant to § 362.

The secured claims held by the following creditors will be paid in accordance with the pre-petition contracts between the debtor(s) and the holder of the secured claim:

| Name of Holder / Collateral for Claim | Total Claim | Collateral Value | Contract Interest Rate |
|---|---|---|---|
| | | | |

The following table sets forth the treatment of each class of secured creditors whose claims are modified by the Plan.  The amount of secured claim to be paid under this plan is the lesser of the amount listed below as the Collateral Value and the allowed amount of the holder's claim.  If the Court allows a different amount than is shown below, the Plan shall be deemed amended without the requirement of the filing of an amended plan.  The amount listed as "estimated periodic payment" will be adjusted to reflect the actual amount of the allowed claim.

Case No:   06-30097
Debtor(s):   **Raymond Valdez**
**Andrea Valdez**

| Name of Holder of Secured Claim / Security for Claim | Principal Amount of Claim (without regard to Value of Collateral) | Collateral Value | Int. Rate per Plan | Est. Amount Periodic Pmt. | First Pmt. of this Amt. in Month # | Last Pmt. of this Amt. in Month # |
|---|---|---|---|---|---|---|
| **Daimler Chrysler Services 2004 Dodge Ram 1500** | **$21,972.30** | **$21,972.30** | **6.99%** | **$451.54 Avg. Pay Claim** | **1** | **59** |
| **Deere Credit Services John Deere Riding Mower** | **$4,241.67** | **$4,036.00** | **5.00%** | **$85.22 Avg. Pay Value** | **1** | **53** |
| **Texas Dow Employees Cu 2005 Chrysler 300** | **$25,669.00** | **$21,500.00** | **5.00%** | **$462.34 Avg. Pay Value** | **1** | **52** |
| **Wells Fargo Bank mtg** | **$1,423.29** | **$1,423.29** | **0.00%** | **$24.12 Avg. Pay Claim** | **1** | **59** |

Payment of the amounts required in this section constitutes a cure of all defaults (existing as of the date this plan is confirmed) of the debtor(s)' obligations to the holder of the secured claim. If the monthly payment proposed in the plan is less than the amount of the adequate protection payment ordered in this case, the actual payment will be the amount of the monthly adequate protection payment.

The automatic stay is modified to allow holders of secured claims to send only monthly statements (but not demand letters) to the Debtor(s).

**6. Specially Classified Unsecured Claims.** The following unsecured claims will be treated as described below:

| Name of Unsecured Creditor | Treatment |
|---|---|
| | |

**7. Unsecured Claims.** Unsecured creditors not entitled to priority shall comprise a single class of creditors, and those whose claims are allowed, shall be paid a pro rata share of the amount remaining after payment of all secured, priority, and specially classified unsecured claims. The debtor estimates that unsecured creditors will receive a ___**3%**___ dividend.

**8. Executory Contracts.** Except as set forth elsewhere in this Plan or in the following sentence, all executory contracts are rejected. The following contracts are assumed:

**9. Asset Sales and Refinancings.** The Debtor(s) are authorized--without the need for further Court order--to sell or refinance their exempt property in accordance with the following sentence. Any such sale or refinancing shall provide for the full payment, at closing, of all liens on the property that is sold. This provision does not authorize the Debtor(s) (without further Court order) to refinance any loan for an amount that exceeds the amount owed as of the date of the refinancing. If the Debtor(s) request and the Court so determines, an order confirming this authority may be granted by the Court, ex parte.

**10. Abandonment of Collateral.** The Debtor may abandon collateral to a secured creditor by filing a motion pursuant to Fed. R. Bankr. P. 4001 for an agreed order providing for abandonment of collateral and termination of the automatic stay. The motion will be submitted on 15 days notice.

**11. Discharge and Vesting of Property.** The debtor(s) will be granted a discharge in accordance with § 1328. Property of the estate shall vest in the debtors upon entry of the discharge order.

Case No:    06-30097
Debtor(s):  **Raymond Valdez**
            **Andrea Valdez**

---

**Debtor's Declaration Pursuant to 28 U.S.C. § 1746**

I declare under penalty of perjury that the foregoing statements of value contained in this document are true and correct.


**/s/ Raymond Valdez**                                     Dated:    **04/07/2006**
**Raymond Valdez**


**/s/ Andrea Valdez**                                      Dated:    **04/07/2006**
**Andrea Valdez**


**/s/ Sonya Kapp**                                         Dated:    **04/07/2006**
**Sonya Kapp**
**Boren, Swindell & Associates**
**2900 Weslayan Ste. 595**
**Houston, TX 77027**
**Attorney for Debtor(s)**

Case No:   06-30097
Debtor(s):   **Raymond Valdez**
             **Andrea Valdez**

---

*AMENDED 4/7/2006*

**Plan Summary and Statistical Cover Sheet to Proposed Plan**

Date:   **12/13/2005**

### Disposable Income and Plan Payments

| Projected Schedule "I" Income | Projected Schedule "J" Expenses | Projected Disposable Income | Beginning Month # | Ending Month # | Payment Amount | Total Payment |
|---|---|---|---|---|---|---|
| **$5,233.09** | **$3,280.00** | **$1,953.09** | **1 (Feb 06)** | **3 (Apr 06)** | **$1,775.00** | **$5,325.00** |
| | | | **4 (May 06)** | **60 (Jan 11)** | **$1,950.00** | **$111,150.00** |
| | | | | | Grand Total | **$116,475.00** |
| | | | | | Less 10% trustee fee | **$11,647.50** |
| | | | | | Net Available | **$104,827.50** |

### Projected Trustee Disbursements to Priority and Secured Creditors

| Name of Holder / Description of Collateral (or "None" if appropriate) | Type of Claim (List Priority Claims, Followed by Claims Secured by Principal Residence, Followed by Other Secured Claims) | Int. Rate | Beg. Month # | End Month # | Payment Amount | Total Payment |
|---|---|---|---|---|---|---|
| **Boren Swindell & Assoc. None** | **Priority** | **0.00%** | **1** | **4** | **$450.00 Avg.** | **$1,800.00** |
| **Wells Fargo Bank mtg** | **Principal Res.** | **0.00%** | **1** | **60** | **$754.21** | **$45,252.60** |
| **Daimler Chrysler Services 2004 Dodge Ram 1500** | **Secured** | **6.99%** | **1** | **59** | **$451.54 Avg.** | **$26,641.07** |
| **Deere Credit Services John Deere Riding Mower** | **Secured** | **5.00%** | **1** | **53** | **$85.22 Avg.** | **$4,516.53** |
| **Texas Dow Employees Cu 2005 Chrysler 300** | **Secured** | **5.00%** | **1** | **52** | **$462.34 Avg.** | **$24,041.53** |
| **Wells Fargo Bank mtg** | **Secured (Arrearage)** | **0.00%** | **1** | **59** | **$24.12 Avg.** | **$1,423.29** |
| | | | | | Grand Total | **$103,675.02** |

### SUMMARY OF PAYMENTS

| | |
|---|---|
| Net Available to Creditors | **$104,827.50** |
| Less Estimated Attorneys' fees | **$1,800.00** |
| Less Total to Priority Creditors | **$0.00** |
| Less Total to Secured Creditors | **$101,875.02** |
| Less Total to Specially Classified Unsecured Creditors | **$0.00** |
| Net Available for Unsecured Creditors | **$1,152.48** |
| Estimated General Unsecured Claims | **$38,902.05** |
| Forecast % Dividend on General Unsecured Claims | **3%** |

### BEST INTEREST TEST

| | |
|---|---|
| Value of total non-exempt property | **$0.00** |
| Total distributions to all priority and general unsecured creditors | **$1,152.48** |